UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

BETTY BAKER,

    Plaintiff,

v.

COMMISSIONER SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

Case No. 3:11-cv-01499-HA

OPINION AND ORDER

HAGGERTY, District Judge:

    Plaintiff Betty Baker seeks judicial review of a final decision by the Commissioner of the Social Security Administration denying her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). After reviewing the record, this court concludes that the Commissioner's decision must be reversed and remanded for further proceedings.

**STANDARDS**

    A claimant is considered "disabled" under the Social Security Act if: (1) he or she is unable to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

OPINION AND ORDER- 1

has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Hill v. Astrue,* 688 F.3d 1144, 1149-50 (9th Cir. 2012) (citing 42 U.S.C. § 1382c(a)(3); *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999)); 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a). In steps one through four, the Commissioner must determine whether the claimant (1) has not engaged in SGA since his or her alleged disability onset date; (2) suffers from severe physical or mental impairments; (3) has severe impairments that meet or medically equal any of the listed impairments that automatically qualify as disabilities under the Social Security Act; and (4) has a residual functional capacity (RFC) that prevents the claimant from performing his or her past relevant work. *Id.* An RFC is the most an individual can do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p. The claimant bears the burden of proof in the first four steps to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist in a significant number in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater,* 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). On the other hand, if the

OPINION AND ORDER- 2

Commissioner can meet its burden, the claimant is deemed to be not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on the proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

When reviewing the decision, the court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision, the decision must be set aside. *Id.* at 720.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff was born on September 24, 1959, and was forty-five years old on her alleged disability onset date. She protectively filed applications for DIB and SSI on July 3, 2007. In her applications, she alleged that she has been disabled since January 1, 2005 based on a number of physical and mental impairments. She was last insured for purposes of benefits eligibility through June 30, 2006. Her applications were denied initially and upon reconsideration.

At plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on January 5, 2010. The ALJ heard testimony from plaintiff, who was represented by counsel, and an independent vocational expert (VE). Following the hearing, the ALJ issued a decision finding that plaintiff was not disabled as defined in the Social Security Act.

First, the ALJ found that plaintiff had not engaged in SGA since her alleged disability onset date. Tr. 13, Finding 2.[1] The ALJ then determined that plaintiff suffered from the following severe impairments: major depressive disorder, alcohol abuse versus dependence, polysubstance dependence in remission, low back pain, and obesity. Tr. 14, Finding 3. Based on plaintiff's impairments, the ALJ determined that plaintiff does not have an impairment or combination of impairments that meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 14, Finding 4.

After consulting the entire record, the ALJ concluded that plaintiff had the RFC to perform unskilled light work with a few exceptions: (1) she cannot climb ladders, ropes, or scaffolds; (2) she can frequently climb ramps and stairs, balance, kneel, and crouch; (3) she can occasionally stoop and crawl; (4) she should avoid concentrated exposure to hazards; and (5) she should have little public contact. Tr. 15, Finding 5. The ALJ found that plaintiff's alcohol abuse would likely cause her to have unpredictable absences of two to four days per month. Tr. 15.

Based on plaintiff's RFC and testimony from the VE, the ALJ determined that plaintiff was unable to perform her past relevant work as a telephone solicitor, delivery driver, or domestic cleaner. Tr. 15, Finding 6. The ALJ also found that plaintiff could not perform other

---

[1] Tr. refers to the Transcript of the Administrative Record.

OPINION AND ORDER- 4

jobs existing in the national economy. Tr. 16, Finding 10. Accordingly, the ALJ concluded that plaintiff was "disabled" under the Act. Tr. 16. However, because plaintiff's disability was based in part on her alcohol abuse, the ALJ performed a second analysis of the five steps to determine whether plaintiff would remain disabled if she ceased her alcohol abuse. Tr. 16-22.

After considering the medical record without effects of plaintiff's substance abuse, the ALJ determined that plaintiff would still suffer from her other severe impairments. Tr. 16-17, Finding 11. The ALJ found that plaintiff's exertional and non-exertional limitations in her RFC would remain unchanged, although she would no longer have unpredictable absences. Tr. 16-21, Findings 11-13. Based upon plaintiff's RFC without her alcohol abuse, the ALJ determined that plaintiff could perform her past relevant work as a delivery driver and housekeeper. Tr. 21, Finding 14. The ALJ also made an alternative finding at step five that plaintiff could perform the occupations of an electronics worker and assembler, which are jobs that exist in significant numbers in the national economy. Tr. 22. Because the ALJ determined that plaintiff would not be disabled if she stopped her substance abuse, the ALJ concluded that plaintiff was not disabled. Tr. 22, Finding 15.

The Appeals Council denied plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently initiated this action seeking judicial review.

## DISCUSSION

Plaintiff contends that this court must reverse and remand the Commissioner's final decision for an immediate award of benefits based on two alleged errors in the ALJ's decision: (1) the ALJ improperly rejected an examining physician's opinion; and (2) the ALJ's hypothetical

OPINION AND ORDER- 5

to the VE was incomplete. This court agrees with plaintiff's alleged errors, but finds a remand for further proceedings to be the appropriate remedy.

1.  **Medical opinion evidence**

Plaintiff asserts that the ALJ improperly rejected aspects of Dr. Tatsuro Ogisu's opinion, one of plaintiff's examining physicians. Where a treating or examining physician's opinion is not contradicted by another doctor's opinion, the ALJ may reject it only by stating clear and convincing reasons supported by substantial evidence in the record. *Regennitter v. Comm'r. of Soc. Sec. Admin.*, 166 F.3d 1294, 1298-99 (9th Cir. 1999); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating physician's opinion is contradicted by another doctor, it can be rejected for specific and legitimate reasons supported by substantial evidence in the record. *Id.* The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies an ALJ's rejection of a treating physician's opinion. *Lester*, 81 F.3d at 831.

Doctor Ogisu evaluated plaintiff in August of 2007 for a comprehensive orthopedic examination. Tr. 303. He noted that plaintiff had a full grip, good manual dexterity, and no focal atrophy in the hands. Tr. 303-04. However, Dr. Ogisu observed tenderness at the right carpal tunnel and ulnar groove. Tr. 304. He also noted some forearm numbness with compression of the ulnar groove, and that Tinel's sign at the wrist and elbow resulted in right forearm numbness and tingling. Tr. 304-05. In his report, Dr. Ogisu noted plaintiff's history of carpal tunnel syndrome, but explained that the findings were insufficient to confirm that diagnosis or the possibility of right ulnar neuropathy at the elbow. Tr. 305. He limited plaintiff to light gross and fine manipulation on an occasional, non-repetitive basis. *Id.*

Plaintiff's medical records were later evaluated by Dr. Sharon Eder, an agency consultant. Doctor Eder found no manipulative limitations and noted that Dr. Ogisu's opinion was unsupported by plaintiff's subjective symptoms, and conflicted with plaintiff's reported activities. Tr. 333, 336. Because Dr. Ogisu's opinion is contradicted by the non-examining physician's RFC assessment, the ALJ could reject Dr. Ogisu's opinion only by stating specific and legitimate reasons supported by substantial evidence in the record.

In his written decision, the ALJ explained that he gave greater weight to Dr. Eder's opinion over Dr. Ogisu's opinion as to manipulative limitations because the limitations described by Dr. Ogisu were "not supported by his examination findings." Tr. 19. This reason lacks the specificity necessary to reject an examining physician's opinion in favor of a non-examining, non-treating physician's opinion. *See Regennitter*, 166 F.3d at 1299 (quoting *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings . . . does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim.")). Doctor Ogisu's examination findings support some limitations in plaintiff's manipulations regardless of whether they result from carpal tunnel syndrome or neuropathy. The ALJ erred when he rejected Dr. Ogisu's manipulative limitations based solely on the purported lack of examination findings.

Defendant asserts in its briefing that the ALJ's rejection of Dr. Ogisu's opinion is also supported by lay witness testimony about plaintiff's manipulative capabilities. Even if true, this court may not rely on reasoning that was not raised by the ALJ. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the

OPINION AND ORDER- 7

ALJ-not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.") (citations omitted). Accordingly, this court cannot excuse the ALJ's error on other grounds.

### 2. Incomplete hypothetical

Plaintiff next assigns error to the hypothetical that the ALJ propounded to the VE. To meet its burden at step five of the sequential analysis, the Commissioner may rely on the testimony of a VE. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010) (citation omitted). To constitute substantial evidence in support of the ALJ's determination, the ALJ must pose a hypothetical question to a VE that includes all of the claimant's functional limitations that are supported by the record. *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002). If the hypothetical fails to take into account all of the claimant's limitations, it is defective and cannot provide substantial evidence for the ALJ's ultimate disability determination. *Valentine*, 574 F.3d at 690.

As previously discussed, the ALJ improperly rejected the manipulative limitations addressed by Dr. Ogisu. Due to the ALJ's dismissal of any manipulative limitations, the ALJ did not incorporate those limitations into plaintiff's RFC or the hypothetical question posed to the VE. Because the VE's answer was not based on a hypothetical incorporating all of plaintiff's impairments, the VE's testimony cannot constitute substantial evidence to support the ALJ's findings. *See Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (noting that the hypothetical question should include all of a claimant's exertional capabilities that are supported by the medical evidence). Accordingly, the ALJ's hypothetical question to the VE was incomplete, and the ALJ's reliance on the VE's testimony was improper.

OPINION AND ORDER- 8

### 3. Remedy

When an ALJ's denial of benefits is not supported by the record, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (internal quotation marks omitted). Remand for further proceedings is appropriate where outstanding issues exist that must be resolved before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. *Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009). However, where the record has been thoroughly developed and no useful purpose would be served by further administrative proceedings, the court may exercise its discretion and direct an award of benefits. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000).

In this case, the ALJ improperly rejected medical opinion evidence as to manipulative limitations, which then resulted in a deficient hypothetical question. The VE was never given the opportunity to address plaintiff's ability to perform any work with consideration for her manipulative limitations, and the record does not establish that plaintiff is disabled. This court therefore concludes that outstanding issues remain that must be resolved before a determination of disability can be made. *See Harman*, 211 F.3d at 1180 ("In cases where the testimony of the [VE] has failed to address a claimant's limitations as established by improperly discredited evidence, we consistently have remanded for further proceedings rather than payment of

benefits."). Upon remand, the ALJ shall address the limitations outlined in Dr. Ogisu's opinion, but is not required to adopt them as a matter of law.

## CONCLUSION

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner denying Betty Baker's application for disability benefits must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this ruling and the parameters provided herein.

IT IS SO ORDERED.

DATED this 5 day of November, 2012.

Ancer L. Haggerty
United States District Judge